## Sipe *v.* Pennsylvania Railroad Company, Appellant.

*Appeals—Assignments of error—Insufficient assignment—Order of the court—Eeceptions.*

An assignment of error to the refusal of the court to grant a change of venue will not be considered where neither the order of the court, nor·an exception thereto, is set forth in the assignment.

An assignment of error which quotes the ruling of the court upon óne question, and gives the answer of the witness to another question, under another ruling, not assigned for error, is improper and will not be considered.

*Negligence—Waters—Injury to dam—Deposit of debris—Independent contractor.*

In an action against a railroad company to recover damages for the alleged negligent deposit of debris in plaintiff's dam, resulting from the construction of bridges in the stream above the dam, the defendant cannot claim immunity on the ground that the construction of the bridges had been done by an independent contractor, where it appears that the company had accepted the work of the contractor with full knowledge of the condition in which he had left the bed and banks of the stream.

If an employer at the time he resumes possession of work from an independent contractor, knows or ought to know, or from a careful examination may ascertain that there is any defect in the work, he is re-. sponsible for any injury resulting therefrom to a third person by the defective performance of the work.

Argued Oct. 6, 1908. Appeal, No. 125, Oct. T., 1908, by defendant, from judgment of C. P. Cambria Co., March T., 1903, No. 355, on verdict for plaintiff in case of D. A. Sipe v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover for injuries to a dam. Before O'CON-NOR, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $14,927.28. Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently set forth in the opinion of the Supreme Court.

*H. W. Storey,* with him *John W. Kephart,* for appellant.— The independent contractor and not the defendant was liable for the injuries sustained by plaintiff: Allen v. Willard, 57 Pa. 374; Hunt v. Railroad Co., 51 Pa. 475; Painter v. Pittsburg, 46 Pa. 213; Wray v. Evans, 80 Pa. 102; Edmundson v. Railroad Co., 111 Pa. 316; Thomas v. Railway Co., 191 Pa. 361; Young v. Railroad Co., 30 Barb. (N. Y.) 229; Murtfeldt v. Railroad Co., 102 N. Y. 703 (7 N. E. Repr. 404); Carter v. Berlin Mills, 58 N. H. 52; Wabash, etc., Ry. Co. v. Farver, 111 Ind. 195 (12 N. E. Repr. 296); McCafferty v. Railroad Co., 61 N. Y. 178; Reed v. Allegheny City, 79 Pa. 300.

*Harvey Roland,* with him *William Davis,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

When this case was here before, as reported in 219 Pa. 210, the judgment was reversed because of the failure to apply the proper measure of damages to the circumstances of the case. Our examination of the evidence as it then stood did not show that the plaintiff had distinguished with sufficient certainty between the damage resulting from the action of the defendant company and that which might have arisen from other causes. In order that the failure of proof in this respect might be made good, a new trial was awarded. Upon the present appeal it is not contended that the instructions of the trial judge were incorrect as to the measure of damages or that they did not accord with the opinion of this court upon the former appeal. In their statement of the questions involved, counsel for appellant do not refer to the measure of damages. But if that question were properly raised, the evidence offered at the last trial, as it is collected and presented in the argument

of counsel for appellee, is sufficient we think to sustain the verdict. There was ample evidence from which the jury could infer that the obstructions in the dam, of which complaint was made, resulted solely from the actions of the defendant company, in connection with the construction of its bridge. Thus the witness Tully testified substantially that prior to 1901 the plaintiff's dam was clean; there was no obstruction in it; anything that did come in passed over the dam, nothing ever stopped there prior to 1901. Another witness, Skelly, testified that prior to 1901 the dam was clean; that he knew of no obstructions or sand bars or sediment there before that time; that there were no obstructions or sand bars at the mouth of Laurel Run, and that the fill or sediment in the dam below Laurel Run came from the fills and dumps placed by the Pennsylvania Railroad Company at the abutments and between the bridges. There was much more testimony from eight or ten other witnesses to the same effect.

We do not deem it necessary to consider in detail each of the thirty-nine assignments of error, filed by counsel for appellant. Most of them are without merit, and many of them are in disregard of the rules of this court, and are not sustained by anything contained in the record. For instance, the first assignment is to the refusal of the court below to grant a motion to set aside plaintiff's statement on the ground that the summons was in assumpsit and the statement in trespass. This motion was made and denied after the first judgment had been reversed and the record remitted from this court. This assignment fails to set forth the exact language of the motion or the order of the court, and does not show that any exception was taken or allowed. In the opinion upon the former appeal, we pointed out the fact that under the authorities, oyer of the writ could not be had. The court could not therefore look beyond the statement or declaration, and if it set forth a good cause of action there was no power to strike it off.

The second assignment reads as follows: "The court erred in stating in a voice so that it could be heard throughout the court room and in the presence of the jurors to try the cause, that the motion to set aside the statement was not made in

good faith and that it 'was made for the purpose of delay, which causes the administration of justice to be brought into disrepute.' " There is nothing upon the record to sustain this assignment. Appellant prints in its paper-book an ex parte affidavit of its counsel setting forth the facts alleged in the assignment and excepting to them, but it does not appear that this affidavit was filed of record or the exception allowed by the court. The docket entries do not show that the affidavit was filed. In the opinion of the court below, overruling the motion for a new trial, it is said: "There is no evidence to support the allegation contained in number two. When the motion referred to in reason number one was made, having in mind that this court had disposed of that question and that the same matter had been called to the attention of the Supreme Court on appeal, we stated to counsel for defendant that his renewing the motion at this time appeared to the court to be prompted by a desire for delay. This statement was not made upon the trial, and whether any juror heard what was said by the court we do not know, nor do we believe that he did." The record presents nothing for our consideration in connection with this specification.

The third assignment is to the refusal of the court to grant a change of venue. Neither the order of the court nor an exception thereto, is set forth in the assignment. The motion was based upon the fact that certain newspaper articles had been published in the county commenting upon the case in a manner favorable to plaintiff and unfavorable to defendant. The court in its opinion said: "The motion for change of venue followed the motion referred to in reason number one. The arguments upon the latter motion were not made in the presence or hearing of any juror. The court withdrew with counsel to an adjoining room and there heard and denied the application, for the reason that the allegation that a fair trial could not be had before a jury in Cambria county was not sustained and then and there counsel were informed that the permission of the court would be granted to examine any juror that counsel for defendant might desire to examine on his voir dire. This privilege counsel for defendant did not see fit to

exercise, and the cause came up and was proceeded with, the following day."

The tenth assignment quotes the ruling of the court upon one question, and gives the answer of the witness to another question, under another ruling, not assigned for error. Such inaccuracies in preparing specifications of error entail unnecessary labor upon this court, and tend to confuse the record.

The twenty-fourth assignment of error raises a point which does not seem to have been raised upon the first trial or considered upon the former appeal, and that is as to the work of construction having been done for the defendant company by an independent contractor. We do not think that the principle of nonliability upon the part of a defendant for injury resulting from the negligence of an independent contractor has any application to this case. It seems from the evidence that the damage to the dam did not immediately follow the construction. It apparently resulted from the gradual washing down of loose earth and debris left within reach of the flowing water. The negligence consisted in placing the loose material in or near the stream where it would in the natural course of events be washed down by the ordinary flow of the water, aggravated no doubt by floods or high water. In the present instance the work was entered upon and prosecuted by the defendant company under the right of eminent domain, and its agreement with the contractor retained the right of supervision in its own engineer, with power to annul and forfeit the contract at his discretion if the work was not being done to his satisfaction under the plans and specifications of the defendant company. If it were necessary to rest the case upon that point, we would be inclined to hold that the control retained by the defendant company over the manner of performing the work, was so close and complete as to render it responsible. But in addition it is apparent, we think, that the injury to the dam must have resulted in great part from the gradual washing down of sediment and debris after the completion of the contract for the construction of the bridge, and the acceptance of the work by the defendant. We cannot avoid the conclusion that it accepted the results of the work by the contractor and was

responsible for any injuries thereafter arising from the manner in which that work had been performed.

In First Presbyterian Congregation v. Smith, 163 Pa. 561, this court speaking through Justice DEAN said (p. 576): "The Pennsylvania rule, deducible from all the cases, is, that if the employer, at the time he resumes possession of the work, from an independent contractor, knew or ought to have known, or from a careful examination could have known, that there was any defect in the work, he is responsible for any injury caused to a third person by defective construction." And on page 577: "Has the contractor abandoned his temporary possession, and the owner resumed his permanent one? If so, the answerability of the contractor for breach of duty is to the owner, under his contract, not to third parties, for as to them he no longer owes any duty. He no longer stands in place of the owner, for the latter has resumed his relation to the public."

And in 26 Cyc. L. & Pr. 1566, the general rule is thus stated: "A contractee may be liable for the neglect or wrongful act of the contractor or the contractor's servants, although not otherwise liable, because of his ratification of such acts. If the work is completed, the contractee is responsible for injuries thereafter resulting from its imperfect construction or dangerous condition in which he permits it to remain, especially after the contractee has accepted the work."

In the present case there is no suggestion that the defendant company was not fully acquainted with the manner in which the work was performed by the contractor, and with the condition in which the bed and banks of the stream were left by him, at the completion of the work and at the time of its acceptance at his hands.

The assignments of error are all overruled, and the judgment is affirmed.